Sanders v. Wedeking.

---

A. B. SANDERS V. WILLIAM WEDEKING ET AL.

FILED FEBRUARY 4, 1896.    No. 6105.

Negotiable Instruments: INDORSEE: NOTICE OF USURY: RE-
    VIEW.    The special verdicts in this case are found upon
    examination to be sustained by sufficient evidence.    The
    judgment upon a general verdict, in accord with the spe-
    cial findings, is affirmed.

ERROR from the district court of Fillmore
county.    Tried below before HASTINGS, J.

*April 21, 1896.

*J. D. Pope*, for plaintiff in error.

*Billings & Billings* and *O. M. Quackenbush, contra.*

RYAN, C.

This action was brought by plaintiff in error as indorsee upon a promissory note for $200 made by the defendants in error to the People's Bank of Tobias. The defense of usury was sustained by the findings and verdict of the jury, and the sole question presented for our determination is, whether or not these findings and this judgment adverse to the plaintiff in error were sustained by sufficient evidence. When the note was given, Worden A. Sanders, a son of the plaintiff in error, was assistant cashier of the bank above named, though it appears that his duties as such assistant cashier admitted of his devoting attention to his trade of a jeweler in a building different from that in which the banking business was conducted. He was, however, in the bank when the cashier, Stanley Larsen, made the loan to the defendants in error, which is conceded, in its inception, to have been usurious. It was the custom of this bank to loan at usurious rates, and the assistant cashier was aware of this, for, upon being asked at what rate this bank made loans, he told one of the defendants in error that it was two per cent a month on short time, but that if a man took lots of money for six months, it would be cheaper. When the cashier of the bank was arranging for this particular loan, the assistant cashier was near by in the same room, and, as one of the defendants testified, he was within hearing distance of the conversation, carried on, as it was, in an ordinary tone of voice by each party. Immediately after this note

was taken, it was transferred by the following in-
dorsement: " Pay to A. B. Sanders, without re-
course on me.   Stanley Larsen, Cas."   The pay-
ment for the transfer of this note, it was testified
without contradiction, was made by Worden A.
Sanders.   Whether this payment was with his
own means, whereby he became the owner of this
note and afterwards transferred it to his father, or
whether he bought with means of his father in his
hands, were propositions contested and submitted
to the jury, which by special verdict found the
latter established by the proofs.   The fact that
the indorsement was made by the cashier directly
to A. B. Sanders would seem entitled to some
weight, as indicating that in this purchasing
Worden A. Sanders was acting as the agent of his
father.   He, however, denied that this was the
case, and testified that his father had loaned him
$600 to be reloaned by Worden as his own, and
that having bought this note with a part of this
money, he caused it to be indorsed to his father,
direct, in part payment of said $600 which he was
owing.

D. H. Conant, who was county judge when the
case was tried in the county court, testified in the
district court that, on the trial before him, plaint-
iff in error had testified that his son had purchased
the note for the plaintiff in error.   In this Mr.
Conant was corroborated by one of the defendants
in error.   On these two propositions of facts—
First, that Worden A. Sanders, at the time of the
purchase of the note, had knowledge of such facts
that the defense of usury against him could prop-
erly be shown; and, second, that this bound his
father, for whom he was acting as agent—there
was sufficient evidence to sustain the verdict of

the jury.    There is presented by the record no
other question, and the judgment of the district
court is

AFFIRMED.